# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-40487

———————

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2023

Lyle W. Cayce
Clerk

IN RE VOLKSWAGEN AG; VOLKSWAGEN GROUP OF AMERICA,
INCORPORATED,

*Petitioners.*

———————————————————————

Petition for Writ of Mandamus
to the United States District Court
for the Eastern District of Texas
USDC No. 2:22-CV-506

———————————————————————

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges.*

PER CURIAM:[*]

In this federal antitrust and business tort case, Volkswagen, AG and Volkswagen Group of America, Incorporated (collectively "Volkswagen"), moved to dismiss Prevent USA Corporation's ("Prevent USA") claims on grounds of *forum non conveniens*. The district court denied the motion, and Volkswagen now seeks a writ of mandamus with this court. Because we conclude that mandamus relief is appropriate, we GRANT the petition, VACATE the judgment of the district court, and REMAND this case to the district court for further proceedings consistent with this opinion.

## I.    BACKGROUND

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

After previously bringing suits in both Germany and the Eastern District of Michigan, Prevent USA filed this suit against Volkswagen in the Eastern District of Texas alleging six causes of action.[1] Volkswagen moved to dismiss on the basis of *forum non conveniens*, among other grounds, arguing that the dispute should proceed in Germany. The Magistrate Judge ("MJ") issued a Report and Recommendation ("R&R") reasoning that Volkswagen's motion should be denied because this court's holding in *Mitsui* barred antitrust cases from being dismissed on the basis of *forum non conveniens. See Indus. Inv. Dev. Corp. v. Mitsui & Co.*, 671 F.2d 876, 890–91 (5th Cir. 1982). Volkswagen objected to the R&R and moved the district court to dismiss the suit or, alternatively, to certify an order for interlocutory appeal in accordance with 28 U.S.C. § 1292(b). The district court overruled Volkswagen's objections and adopted the R&R, denying its motion to dismiss.

## II. Discussion

The Supreme Court instructs this court to grant mandamus relief only upon a showing of "exceptional circumstances amounting to a judicial usurpation of power" or "a clear abuse of discretion." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004) (citations and internal quotation marks omitted). Mandamus is appropriate where (1) the petitioner has shown a "clear and indisputable" right to the writ; (2) the court is "satisfied that the writ is appropriate under the circumstances"; and (3) the petitioner has "no other adequate means to attain the relief [it] desires." *In re DePuy*

---

[1] The six causes of action are as follows: (1) agreement in restraint of trade in violation of § 1 of the Sherman Act; (2) monopsonization in violation of § 2 of the Sherman Act; (3) tortious interference with business relationship and/or expectancy; (4) civil conspiracy; (5) agreement in restraint of trade in violation of Texas antitrust law, Tex. Bus. & Com. Code Ann. § 15.05; and (6) monopsonization in violation of Texas antitrust law.

*Orthopaedics, Inc.*, 870 F.3d 345, 350 (5th Cir. 2017). Turning to the merits, we conclude that Volkswagen has made the requisite showings on this record.

### A. Clear and Indisputable Right to Mandamus Relief

First, Volkswagen has shown that it has a "clear and indisputable" right to mandamus relief. *Cheney*, 542 U.S. at 381. The MJ's R&R and, consequently, the district court's decision to deny Volkswagen's motion to dismiss, were based on a reading that this court's decision in *Mitsui* "effectively established a per se rule that antitrust cases cannot be dismissed based on *forum non conveniens*." We disagree with this interpretation.

In *United States v. National City Lines, Inc.*, 334 U.S. 573 (1948) (hereinafter "*National City Lines I*"), the Supreme Court held that the doctrine of *forum non conveniens* did not apply to antitrust cases. *See United States v. Nat'l City Lines, Inc.*, 334 U.S. 573, 592 (1948) ("Indeed, for cases of this complex type, the uncertainty concerning the outcome of an effort to apply the doctrine [of *forum non conveniens*] might go far toward defeating the [Sherman] Act's effective application to the most serious and widespread offenses and offenders."). Shortly thereafter, Congress enacted 28 U.S.C. § 1404(a) revising the Judicial Code, 28 U.S.C. § 1 *et seq*. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer *any civil action* to any other district or division where it might have been brought or to any district or division to which all parties have consented.") (emphasis added). The following year, the Supreme Court superseded its *National City Lines I* decision, holding in *United States v. National City Lines, Inc.*, 337 U.S. 78 (1949) (hereinafter "*National City Lines II*") that § 1404(a) made the doctrine of *forum non conveniens* applicable to any civil action, including antitrust. *United States v. Nat'l City Lines, Inc.*, 337 U.S. 78, 81–82, 84 (1949).

Thirty-three years later, this court in *Mitsui* erroneously relied on

*National City Lines I*, stating that "the common law doctrine of *forum non conveniens* is inapplicable to suits brought under the United States antitrust laws." *Mitsui*, 671 F.2d at 890 (citing *Nat'l City Lines,* 334 U.S. at 592 (1948)). Five years after *Mitsui*, comporting with *National City Lines II*, this court sitting en banc revised its precedent and held that there are no exceptions to the *forum non conveniens* doctrine. *See In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1163 (5th Cir. 1987) (en banc)[2] (stating that the *forum non conveniens* doctrine "appl[ies] in all cases regardless of their jurisdictional bases or subject matter."). Indeed, we acknowledged there "that a single and uniform approach to the analysis and application of the *forum non conveniens* doctrine best serves litigants and the courts." *Id.* at 1187 n.25. Thereafter, *In re Air Crash* became controlling law regarding the doctrine of *forum non conveniens*.

In the matter before us now, the district court declined to conduct a *forum non conveniens* analysis, and instead incorrectly relied on *Mitsui* to deny Volkswagen's motion to dismiss. In doing so, the district court not only circumvented this court's precedent regarding the doctrine of *forum non conveniens*, it also committed a "clear abuse[] of discretion that produce[d a] patently erroneous result[]." *In re Lloyd's Reg. N. Am., Inc.*, 780 F.3d 283, 290 (5th Cir. 2015) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008)). Despite this being an antitrust case, the district court should have conducted a *forum non conveniens* analysis as mandated by this court's precedent and thereafter issued an order based on its determinations. For this reason, we conclude that the district court erred by relying on *Mitsui* to bypass conducting the *forum non conveniens* analysis, and that the first

---

[2] *Vacated on other grounds sub nom. Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032, (1989), *reinstated in part by In re Air Crash Disaster Near New Orleans, La.*, 883 F.2d 17 (5th Cir. 1989) (en banc).

requirement for mandamus is therefore satisfied. *See In re DePuy Orthopaedics*, 870 F.3d at 350.

### B. Mandamus Relief is Appropriate Under the Circumstances

Second, we are "satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381. As we have determined in previous litigation involving these parties, a writ of mandamus is especially appropriate in circumstances where the implicated issues have "importance beyond the immediate case." *Volkswagen*, 545 F.3d at 319. This court has already established that the *forum non conveniens* doctrine applies "in all cases regardless of their jurisdictional bases or subject matter." *In re Air Crash*, 821 F.2d at 1163. Thus, denying the petition for writ, and upholding the district court's decision, would circumvent our established precedent. *Id*. Moreover, a denial of the petition for writ in this case could have the unintended consequences of encouraging forum shopping in this circuit by future foreign antitrust plaintiffs. For these reasons, we conclude that the writ is appropriate here and thus, the second requirement has been satisfied. *See In re DePuy Orthopaedics*, 870 F.3d at 350.

### C. No Other Adequate Means to Obtain Relief

Finally, given that a writ of mandamus is not "a substitute for the regular appeals process," we agree that Volkswagen has shown that it has no other adequate means of obtaining relief. *Cheney*, 542 U.S. at 380–81. This court has previously acknowledged that "[t]here is no adequate way immediately to review a denial of [*forum non conveniens*]." *Lloyd's Register*, 780 F.3d at 290. Here, the district court not only denied the motion to dismiss, but it also declined to certify an interlocutory appeal, thus blocking Volkswagen from seeking ordinary appellate relief. Furthermore, Volkswagen "would not have an adequate remedy for an improper failure to transfer the case by way of an appeal from an adverse final judgment because

[it] would not be able to show that it would have won the case had it been tried in a convenient [venue]." *In re Volkswagen*, 545 F.3d at 318–19 (quoting *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663 (7th Cir.2003)). Accordingly, we hold that the third requirement has also been satisfied. *See In re DePuy Orthopaedics*, 870 F.3d at 350.

### D. Remand is the Appropriate Form of Relief

For the aforementioned reasons, we hold that the district court erred in denying Volkswagen's motion to dismiss and that error is serious enough to warrant mandamus relief. *See Norsworthy*, 70 F.4th at 336. As a remedy, Volkswagen seeks plenary relief from this court in the form of a writ of mandamus directing the district court to dismiss this case in favor of a German forum. Prevent USA, while maintaining that the district court did not err by relying on *Mitsui*, asserts that dismissal is not the appropriate remedy even if it conceded that the district court improperly relied on *Mitsui*. "Because [the district court] concluded that *Mitsui* made a traditional *forum non conveniens* analysis unnecessary, the courts below did not reach Prevent's secondary arguments against dismissal, which analyzed the factual record and explained why it does not compel a *forum non conveniens* dismissal." Therefore, Prevent USA argues that this case must be remanded to the district court to make a new determination under a *forum non conveniens* framework. We agree that remand is appropriate.

## III. Conclusion

For the foregoing reasons, the petition for writ of mandamus is GRANTED. The judgment of the district court is VACATED, and this case is REMANDED for further proceedings consistent with this opinion.



Certified as a true copy and issued
as the mandate on Nov 21, 2023

Attest: *Jyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit